UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**Criminal No.
14-10257-MLW**

UNITED STATES OF AMERICA

VS.

ROBERTO CORREA

### DEFENDANT'S MOTION FOR MODIFICATION OF TERMS OF DETENTION/RELEASE

Now comes the defendant, Roberto Correa, in the above captioned matter and moves this Court for an order modifying the order of detention that was entered on September 22, 2014 by allowing the defendant release upon terms and conditions that will assure the safety of the public as well as insuring that the defendant will appear for trial.

In support hereof the defendant does not contest the government allegations of this offense as presented at the initial detention hearing but rather submits for this Court's consideration the following;

1.) The defendant has a sentencing guideline prior to §3553 considerations of approximately 0-6 months. The defendant has now been held for almost three months.

2.) The defendant comes from a close knit family and the defendant hopes to be released prior to the commencement of the holidays.

3.) The defendant has a meritorious motion to suppress yet even a Rule 11 will likely result in his release in a short period of time.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

4.) There is little likelihood on information and belief that the government will supersede this indictment.[4]

5.) The defendant proffers two third party custodians, both of whom reside in the house where the defendant would reside should he be released; Maria Correa, born 3/5/1945. She is an American citizen and has been in the United States since 1973. She worked full time in two factories and raised a family. She is Robert Correa's mother and is a very responsible woman who is willing to take him into her home as a third party custodian. She was instrumental in bringing her mother, father, 6 brothers and sisters as well as 7 nieces and nephews into the country. The family is very close knit.

6.) Osvaldo Gomes is the defendant's brother. His date of birth is February 25, 1965. He is a veteran. He has no criminal history and is married over 23 years with three sons. He is employed in Boston as a dialysis technician for over 20 years.[5]

**<u>Standard for Pre-Trial Detention</u>**

It is a requirement of the law before a citizen may be detained by order of the federal court on motion by the government that proof must be presented that satisfies the Court that no combination of conditions will reasonably assure the appearance of the defendant, the safety of any person or the safety of the community. The government must prove the above as well as, in the alternative, that there is a significant risk of flight

---

[4] Obviously the government has the right to bring any charges appropriate. It does not appear that the government intends to supersede although it may have other evidence such as telephone records to present.
[5] The family was willing to post their real estate but due to current market conditions it is "under water" with no equity.

and that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings.

The burden of proof regarding the issue of flight under 18 U.S.C. §3142(F)(2) is by a preponderance of the evidence. The burden imposed under Title 18 U.S.C. §3142(F)(1) is higher requiring presentation of evidence by clear and convincing proof. This is because of "the importance of the interests of the defendant which are implicated in a pre-trial detention hearing. S.Rep. No. 225, 98th Cong; 2nd Sess. Reprinted in 1984 U.S. Code Cong. & Admin. News 3182. Thus, clear and convincing evidence is required to establish the facts relied on that no combination of conditions will reasonably assure the safety of any other person or the community. **United States vs. Patriaca, 948 F2 789, 792 (1st Cir. 1991),** the clear and convincing standard is higher than the mere "preponderance of the evidence" standard. This standard of proof requires that evidence presented to the Court support a "high degree of certainty" that no conditions would reasonably assure the safety of any individual or the community. **United States vs. Chimurenga, 760 F2 400 (2nd Cir. 1985).**

The preponderance standard applies to the issue that no reasonable condition would assure Mr. Correa's appearance at trial. **United States vs. Patriaca, 948 F2 789, 792 (1st Cir. 1991), United States vs. Vortis, 785 F.2 327, 328-29 (DC Cir.), cert. den. 479 U.S. 841, 107 S.Ct. 148, 98 L.Ed.2d 89 (1986), United States vs. DiGiacomo, 746 F. Supp. 176 (D. Mass. 1990).**

In considering the issue of flight and dangerousness, the burden is on the government consistent with the above. An absolute guarantee that the accused will not flee or pose a danger is not required. "The safety of the community can be reasonably

assured without being absolutely guaranteed." **United States vs. Tortora, 922 F2 880, 884) (1st Cir. 1990).**

It is apparent that the government cannot demonstrate to the requisite preponderance of the evidence that Mr. Correa poses a risk of flight that cannot be assured by reasonable conditions. He is therefore entitled to be released on bail.

The Bail Reform Act of 1984 requires the release of persons facing trial on the least restrictive conditions that will assure the person's appearance at trial. 18 U.S.C. §3142 (C)(2). This constitutionally compelled requirement is consistent with the principle that all citizens charged with a non-capital offense shall be admitted to bail. **Stack vs. Boyle, 342 US 1 (1951).** The Eighth Amendment to the United States Constitution mandates that excessive bail not be required. Any doubt the Court may have should be resolved in favor of the defendant. **Herzog vs. United States, 75 S.Ct. 349, 351 (1955).** These are solid constitutional principles that still govern the issue of bail. **United States vs. Townsend, 897 F.2d 989, 993-994 (9th Cir. 1990).**

"In our society, liberty is the nor and detention prior to trial or without trial is the carefully limited exception." **United States vs. Salerno, 481 U.S. 739, 747 (1987).**

In United States vs. DiGiacomo, supra, Hon. Mark Wolf noted that;

"(I)n addition, as Judge Robert Keeton has recently observed;

Congress...(chose) to sue the term "danger" which by its nature is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm and a court cannot detain arrestees on mere apprehension of danger of harm. Rather, the court inquiry must focus on whether by

conditions of release the community can <u>reasonably</u> be assured of its safety. See <u>United States vs. Orta</u>, 760 F2 887, 892 (8th Cir. 1985) (en banc) (emphasis in the original).

In our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception." <u>United States vs. Salerno</u>, 481 U.S. 739, 747 (1987).

**<u>Standards</u>**

In its consideration of whether the government has met its burden seeking detention the Court must consider a number of statutory factors; see 18 U.S.C. §3142(G);

The defendant's personal history and characteristics;

The nature and circumstances of the offenses before the Court;

The strengths and weaknesses of the prosecution's case;

The nature and degree of any danger to the community.

When the Court considers the history and characteristics of the person, the Court should examine the following factors;

The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

Whether at the time of the commission of the instant offense the defendant was on probation, parole or on other release pending trial, sentencing, appeal or completion of sentence.

The Nature and Circumstances of the Offenses before the Court

The defendant has set forth the nature and circumstances of the offenses above.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186

**Dangerousness to the Community**

The defendant notes that the government's motion seeking detention does not request as grounds for detention 18 U.S.C. §3142(f)(1)(A) alleging a crime of violence for which a maximum term of imprisonment of ten years or more is prescribed. The government apparently was focusing its request on risk of flight and now seeks to amend its request for detention by motion consistent with F.R.C.P. Rule 47 with a statement of grounds for which the motion is made. The defendant notes that the general rule requires that the government make a motion at the time of the defendant's first appearance stating its grounds for doing so. The defendant would therefore object to the court allowing the government to amends its motion for pretrial detention by adding the issue of a crime of violence with a potential term of imprisonment of ten years or more.

In the event the court does allow the government to proceed on both prongs then the defendant notes that he has presented evidence that he is not a danger to the community nor is he a danger to any particular individual. He should therefore be released on conditions. As the statute indicated, the judicial officer must employ the standard of clear and convincing evidence that no condition or combination thereof will reasonably assure the safety of the community or (a) person. Title 18 U.S.C. §3142 (F).

The Court must consider the sufficiency of conditions of release and determine whether the conditions will "reasonably assure" the community safety. The Court cannot demand more than an "objectively reasonable assurance of community safety." **United States vs. Tortora**, 922 F2 880 (1st Cir. 1993).

The defendant has proposed a third party custodian and indicates that he would be a candidate for electronic monitoring living in his mother's home. The defendant is a man with significant roots in the community and a close knit family.

## Conclusion

The defendant requests that this Court order him released subject to reasonable pretrial conditions and consistent with his proffer set forth herein the defendant requests that this court order him released to the custody of his mother as a third party custodian subject to electronic monitoring to be supervised by Pretrial Servicess.

/s/Kevin J. Reddington, Esq.

**CERTIFICATE OF SERVICE**

I, Kevin J. Reddington, Esq., Attorney for the Defendant, Roberto Correa, hereby certify that the following documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 15, 2014;

DEFENDANT'S MOTIONS FOR MODIFICATION OF TERMS OF DETENTION/RELEASE

/s/Kevin J. Reddington, Esq.

KEVIN J. REDDINGTON • ATTORNEY AT LAW • 1342 BELMONT STREET • BROCKTON, MASSACHUSETTS 02301 • (508) 583-4280/(508) 580-6186